WO	IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ALLSTATE INSURANCE COMPANY, an )
Illinois Corporation, )
 )
                            Plaintiff, )
 )
   vs. )
 )
ESTATE OF MAIA GRACE ELIZABETH )
WALKER, KELLY COLLEEN MCGANN, )
and JEFFERY WALKER, )
 )  No. 3:19-cv-0063-HRH
                        Defendants. )
_____)

## O R D E R

### Motion to Dismiss

Defendants the Estate of Maia Grace Elizabeth Walker and Kelly Colleen McGann move to dismiss plaintiff's complaint.[1] This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

### Background

Plaintiff is Allstate Insurance Company. Defendants are the Estate of Maia Grace Elizabeth Walker, Kelly Colleen McGann, and Jeffery Walker.

---

[1]Docket No. 5.

[2]Docket No. 8.

Plaintiff alleges that Maia Walker committed suicide on July 21, 2018, at the home of her father, Jeffery Walker.[3] Plaintiff alleges that McGann was Maia Walker's mother and that Jeffery Walker and McGann "were legally separated at the time of Maia's death."[4]

Plaintiff alleges that it had "issued a homeowners insurance policy to [Jeffery] Walker as the named insured (Policy No. 920452027)" that was in effect at the time of Maia Walker's death.[5] Plaintiff alleges that "[b]y letter dated December 28, 2018, the Estate asserted claims against [Jeffery] Walker for Maia's death."[6]

Plaintiff alleges that it "does not owe a duty to indemnify [Jeffery] Walker under the terms of the Allstate Policy because coverage is excluded for Maia's intentional acts."[7] Plaintiff also alleges that it "does not owe a duty to indemnify [Jeffery] Walker under the terms of the Allstate Policy because coverage is excluded for claims for bodily injury to an insured person[,]" which plaintiff alleges Maia Walker was.[8]

On March 6, 2019, plaintiff commenced this declaratory judgment action. Plaintiff alleges that this court has diversity jurisdiction because it is an Illinois corporation and the

---

[3]Complaint for Declaratory Judgment at 2, ¶¶ 8- 9, Docket No. 1.

[4]Id. at 2, ¶¶ 9-10.

[5]Id. at 3, ¶ 14.

[6]Id. at 3, ¶ 15.

[7]Id. at 5, ¶ 23.

[8]Id. at 5, ¶¶ 19, 23.

defendants are all residents and citizens of Alaska.⁹ Plaintiff seeks "a declaration that Allstate does not owe a duty to indemnify [Jeffery] Walker under the terms of the Allstate Policy" and "a declaration that no liability insurance proceeds are payable from the Allstate Policy as a result of the death of Maia" Walker.¹⁰

The Estate and McGann (referred to hereinafter as defendants) now move to dismiss plaintiff's complaint, arguing that the court lacks subject matter jurisdiction and that there is coverage under the policy in question for Maia Walker's wrongful death.

### Discussion

Although defendants do not cite to any authority as the basis of their motion to dismiss for lack of subject matter jurisdiction, such a motion is brought pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. In resolving a facial attack, the court accepts the plaintiff's allegations as true. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone, 373 F.3d at 1039. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the

---

⁹Id. at 1-2, ¶¶ 1-4, 6.

¹⁰Id. at 5-6, ¶¶ 1-2.

complaint without converting the motion to dismiss into a motion for summary judgment." Id. "The court need not presume the truthfulness of the plaintiff's allegations." Id.

Defendants first argue that there is not diversity jurisdiction here because plaintiff can be considered a citizen of "every State and foreign state of which the insured is a citizen[.]" 28 U.S.C. § 1332(c)(1)(A). Because Jeffery Walker, the insured, is a citizen of Alaska, defendants argue that plaintiff can also be considered a citizen of Alaska, which would destroy diversity jurisdiction. See Brophy v. Almanzar, 359 F. Supp. 3d 917, 925 (C.D. Cal. 2018) ("[a] federal court has diversity jurisdiction over a civil action between citizens of different states, so long as the amount in controversy exceeds $ 75,000").

However, Section 1332(c)(1) only applies "in any direct action against the insurer of a policy or contract of liability insurance, . . . to which action the insured is not joined as a party[.]" "'[A] direct action is one in which a plaintiff is entitled to bring suit against the tortfeasor's liability insurer without joining the insured.'" Smith v. Allstate Ins. Co., 202 F. Supp. 2d 1061, 1064 (D. Ariz. 2002) (quoting Searles v. Cincinnati Ins. Co., 998 F.2d 728, 730 (9th Cir. 1993)). This matter is not a direct action against the insurer. Thus, Section 1332(c)(1) has no application here.

Defendants next argue that this court lacks subject matter jurisdiction based on a provision in the insurance policy. Jeffery Walker's policy contains an Alaska Amendatory Endorsement, which, in relevant part, provides:

> [A]ny and all lawsuits in any way related to this policy, shall be brought, heard and decided only in a state or federal court

> located in Alaska. Any and all lawsuits against persons not parties to this policy but involved in the sale, administration, performance, or alleged breach of this policy, or otherwise related to this policy, shall be brought, heard and decided only in a state or federal court located in Alaska, provided that such persons are subject to or consent to suit in the courts specified in this paragraph.[11]

Defendants argue that they are not parties to the policy and that they did not consent to suit in federal court, which they contend means that this case may not be maintained in this court.

This policy provision does not state that persons not parties to the policy must consent in order for a suit to be maintained in Alaska federal court. Rather, it states that a suit involving persons who are not parties to the policy may be brought in Alaska federal court if those persons either consent or are subject to federal court jurisdiction. Defendants are subject to federal court jurisdiction. Thus, this suit may be brought, heard, and decided in Alaska federal court regardless of whether defendants consented.

Defendants next argue that it is possible that Maia Walker was not alone at the time of her death, which, according to defendants, means that there may potentially be other persons who would need to be joined in a wrongful death action. Defendants seem to be suggesting that the court does not have subject matter jurisdiction because there may be some as yet to be identified indispensable parties.

Defendants are not suggesting that there are other parties who might need to be joined to this action. They are suggesting that there are other parties who may need to be joined to

---

[11]Exhibit 1 at 51, Complaint for Declaratory Judgment, Docket No. 1.

a wrongful death action. Whether there may be other parties who will need to be joined to a wrongful death suit has nothing to do with whether this court has subject matter jurisdiction of this declaratory judgment action. "'[T]he Declaratory Judgment Act does not itself confer federal subject matter jurisdiction but merely provides an additional remedy in cases where jurisdiction is otherwise established.'" City of Colton v. American Promotional Events, Inc.-West, 614 F.3d 998, 1006 (9th Cir. 2010) (quoting Staacke v. U.S. Sec'y of Labor, 841 F.2d 278, 280 (9th Cir. 1988)). Here, the court has diversity jurisdiction, which means it can grant the relief that plaintiff seeks if plaintiff proves that it is entitled to that relief.

Defendants next appear to argue that this case was untimely removed because plaintiff was on notice of the state probate case in December 2018, but did not file this case until March 6, 2019. Defendants cite to 28 U.S.C. § 1446(b) in support of this argument, which provides, in relevant part, that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

This action was not removed from state court. The time limit in Section 1446(b) has no application here.

Defendants next argue that this court has no subject matter jurisdiction because this is a case for wrongful death and such a claim should be adjudicated in state court, not federal court, by McGann, as the personal representative of the Estate. But, this is not a wrongful

death suit. It is a declaratory judgment action. Such an action for declaratory relief may proceed in federal court independently of the probate matter opened by the Estate in state court.

Finally, defendants argue that this case should be dismissed because, contrary to plaintiff's assertions, there is coverage under the policy in question for Maia Walker's wrongful death. The court has treated this portion of defendants' motion as a Rule 12(b)(6) motion. "'To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Zixiang Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678). "In evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff." Adams v. U.S. Forest Srvc., 671 F.3d 1138, 1142-43 (9th Cir. 2012).

Defendants argue that plaintiff's claim for declaratory relief fails because it is possible that Maia Walker's death was not a suicide and thus was not an intentional act. Defendants also appear to be arguing that plaintiff's claim fails because no policy exclusions apply here because neither McGann nor the Estate could be considered "insureds" under the policy.

These, however, are factual arguments that cannot be resolved on a Rule 12(b)(6) motion to dismiss.

## Conclusion

Defendants' motion to dismiss is denied. Defendants shall file their answer to plaintiff's complaint on or before May 28, 2019.

DATED at Anchorage, Alaska, this 7th day of May, 2019.

/s/ H. Russel Holland
United States District Judge